Filed 11/21/24  P. v. Russell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ZARIA DESHAONNA RUSSELL,<br><br>        Defendant and Appellant. | C101074<br><br>(Super. Ct. No. 23FE013165) |

Appointed counsel for defendant Zaria Deshaonna Russell filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed the trial court's failure to dismiss counts two and three as contemplated in her plea agreement and reflected on the minute order following her change of plea.  We will amend the judgment to reflect this dismissal.  Finding no other arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

BACKGROUND

The People's amended information charged defendant with evading pursuing officers while driving in the opposite direction of the flow of traffic (Veh. Code, § 2800.4; count one), fleeing a pursuing officer with willful or wanton disregard for public safety (Veh. Code, § 2800.2, subd. (a); count two), and driving without a valid driver's license (Veh. Code, § 12500, subd. (a); count three).  The amended information also alleged an out-on-bail enhancement (Pen. Code, § 12022.1).

On April 10, 2024, defendant resolved the matter against the advice of counsel[1] by pleading no contest to count one and admitting the enhancement, as well as the existence of an aggravating factor that she was on probation at the time of the offense.  In exchange, defendant would receive an aggregate prison sentence of five years.[2]  It was implied in the plea agreement that the remaining counts would be dismissed, as reflected in the minute order following defendant's plea; however, the trial court failed to orally pronounce that dismissal at the hearing.

The factual basis for defendant's plea as described by the prosecutor was that: "On or about August 19th, 2024, in the County of Sacramento, the defendant did commit a felony violation of Section 2800.4 of the Vehicle Code, in that she did willfully and unlawfully flee and attempt to elude a pursuing peace officer, a violation of Section 2800.1.  [¶]  And in doing so, she did drive and operate the pursued vehicle on a highway, in the opposite direction -- in a direction opposite to that in which traffic lawfully moved

---

[1] As stated at the plea hearing, defendant's counsel encouraged her to take the case to trial or continue with the mental health diversion evaluation that had been initiated earlier.

[2] The plea agreement also contemplated the resolution of pending probation violations in two cases where she would be sentenced to concurrent time.  Instead, the trial court terminated probation in these cases without imposing any time in light of the state prison sentence.

upon that highway. [¶] When this offense was committed, the defendant did so while released from custody on a primary offense and prior to judgment on that primary offense becoming final, that being case number SC-221782, within the meaning of Penal Code Section 12022.1. [¶] Also in violation of Rule of Court 4.421(b)(4), the defendant was on probation when the crime was committed."

Defendant was sentenced the same day in accordance with the plea, awarded custody credits, and assessed only the mandatory fines and fees. Defendant timely appealed, and the trial court denied her request for a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note the trial court's failure to affirmatively dismiss the balance of the charges as contemplated by defendant's plea agreement and reflected in the minute order documenting defendant's change of plea. We will modify the judgment to correct this omission. Finding no other arguable errors that are favorable to defendant, we will affirm the judgment as modified.

## DISPOSITION

The judgment is modified to dismiss counts two and three. Because the minute order documenting defendant's change of plea already reflects this dismissal, and the

3

abstract of judgment is correct as well, no change to those documents is necessary.  The judgment is affirmed as modified.

                                        /s/
                                        WISEMAN, J.[*]

We concur:

 /s/
DUARTE, Acting P. J.

 /s/
KRAUSE, J.

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4